DA 09-0312

IN THE SUPREME COURT OF THE STATE OF MONTANA

2010 MT 210N

STATE OF MONTANA,

  Plaintiff and Appellee,

 v.

CODY WILLIAM MARBLE,

  Defendant and Appellant.

APPEAL FROM: District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC 02-103
Honorable Douglas G. Harkin, Presiding Judge

COUNSEL OF RECORD:

  For Appellant:

  Colin M. Stephens, Smith & Stephens, P.C., Missoula, Montana

  For Appellee:

  Steve Bullock, Montana Attorney General, Micheal S. Wellenstein,
Assistant Attorney General, Helena, Montana

  Fred Van Valkenburg, Missoula County Attorney, Andrew Paul, Deputy
County Attorney, Missoula, Montana

      Submitted on Briefs: August 31, 2010

         Decided: October 5, 2010

Filed:

   _____
        Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Appellant Cody William Marble (Marble) appeals from the 2009 judgment of the Fourth Judicial District Court, Missoula County, revoking his suspended sentence for a 2002 conviction of sexual intercourse without consent and designating him a Tier I sex offender. We affirm.

¶3 A restatement of the dispositive issue on appeal is whether, during his 2009 resentencing and sex offender tier designation proceedings, Marble's public defender provided ineffective assistance of counsel by failing to file a motion challenging the constitutionality of Marble's original 2002 conviction.

¶4 Marble was a 17–year-old inmate at Missoula County Youth Detention Facility when he was convicted by a jury in November 2002 of sexual intercourse without consent. We affirmed his conviction on direct appeal in *State v. Marble*, 2005 MT 208, 328 Mont. 223, 119 P.3d 88. In 2006, Marble filed a petition for postconviction relief, which was denied by the Fourth Judicial District Court. We affirmed the District Court's decision in *Marble v. State*, 2009 MT 183N. On June 12, 2009, Marble filed a pro se writ of habeas corpus with this Court arguing his 2002 conviction was infirm and he was

2

illegally incarcerated because he was denied a hearing to determine whether the matter should be transferred back to youth court, as required by § 41-5-206(3), MCA (2001). We denied Marble's petition in an Order, *Marble v. Mahoney*, Supreme Court No. OP 09-0342.

¶5 Marble now revives his argument that denial of a transfer hearing in 2002 violated his due process rights. He alleges that the failure of his public defender to raise this issue during Marble's 2009 resentencing and tier designation proceedings constitutes ineffective assistance of counsel. The State contends that Marble's challenge of his 2002 conviction is procedurally time-barred, and was also time-barred during the 2009 proceedings. The State further argues that failure to file a fruitless motion does not constitute ineffective assistance of counsel. We agree with the State.

¶6 A defendant's conviction becomes final when the time for filing an appeal to the United States Supreme Court for review of this Court's decision expires. Section 46-21-102(1)(b), MCA. Such time has long since passed. The time limitations of § 46-21-102, MCA, apply to all claims unless there is an allegation of the existence of newly discovered evidence that would establish the petitioner is actually or legally innocent. *State v. Daniels*, 2005 MT 110, ¶ 12, 327 Mont. 78, 111 P.3d. 675. Marble does not allege there is newly discovered evidence; therefore, the time-bar applies.

¶7 Marble also argues that his public defender provided ineffective assistance of counsel because he should have made a motion to challenge the lack of a transfer hearing during Marble's 2009 resentencing and tier designation hearing. Failure to file a fruitless motion is not deficient performance. *State v. Osterloth,* 2000 MT 129, ¶ 32, 299 Mont.

517, 1 P.3d 946. Additionally, we have previously stated that failure to file a frivolous claim is not ineffective assistance of counsel. *State v. Baker,* 272 Mont. 273, 283, 901 P.2d 54, 60 (1995). For the reasons noted above, the decision of Marble's public defender not to file a motion challenging Marble's 2002 conviction does not constitute ineffective assistance of counsel.

¶8 Finally, we decline to address Marble's second issue on appeal—whether the District Court's failure to conduct a transfer hearing was plain error—because it asks us to determine a matter not before this Court. As previously stated, this is an appeal from resentencing and tier designation proceedings. The time for direct appeal concerning the lack of transfer hearing has long since expired.

¶9 We have determined to decide this case pursuant to Section 1, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2006, which provides for memorandum opinions. It is manifest on the face of the briefs and the record before us that Marble's appeal is procedurally time-barred and the legal issues are clearly controlled by settled Montana law.

¶10 Affirmed.

/S/ PATRICIA COTTER

We concur:

/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS
/S/ JAMES C. NELSON
/S/ JIM RICE

4